UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

---

DWAYNE CAMPBELL

         Plaintiffs

-against-

THE CITY OF NEW YORK and NEW YORK CITY POLICE OFFICERS "JOHN DOE" 1-2, Individually and in their Official Capacities, the names "JOHN DOE" being fictitious as the true names are not presently known,

         Defendants.

---

FILED
CLERK
2015 MAR 19 PM 12:19
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**COMPLAINT**

CV 15 1446

JURY TRIAL DEMANDED

COGAN, J.

---

Plaintiff, DWAYNE CAMPBELL, by and through her attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for her Complaint, respectfully allege, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

1


## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff DWAYNE CAMPBELL is and has been at all relevant times a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendants, OFFICERS JOHN DOE, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants

while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about February 18, 2015 at approximately 3:00 p.m., plaintiff DWAYNE CAMPBELL was lawfully present at 9952 211th Place in Queens County in the City and State of New York.

14. Plaintiff was present visiting an elderly friend.

15. At that time, an unknown individual burst through the front door and ran through the house, and out the back door.

16. Shortly thereafter, defendant officers entered.

17. Defendants demanded to see plaintiff's identification.

18. Plaintiff cooperated fully.

19. Defendants then placed plaintiff under arrest, charging him with one count of trespass.

15. Said search did not reveal any evidence of criminal or unlawful activity whatsoever.

16. At no time on February 18, 2015 did plaintiff commit any crime or violation of law.

17. At no time on February 18, 2015 did defendants possess probable cause to arrest plaintiff.

18. At no time on February 18, 2015 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

20. Plaintiff was thereafter transferred to a nearby precinct.

21. In total, and as a direct result of defendants' unlawful actions, plaintiff spent approximately twenty-four hours in custody.

22. Despite defendants' actions, plaintiff was released when the Queens County District

Attorney's Office declined to prosecute charges against him.

23. As a result of the foregoing, plaintiff DWAYNE CAMPBELL sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

24. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

25. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

28. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

29. Plaintiff DWAYNE CAMPBELL repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

30. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper

and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

31. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

32. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

33. Defendants arrested, searched, and incarcerated plaintiff DWAYNE CAMPBELL in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate their constitutional rights.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Those customs, policies, patterns, and practices include, but are not limited to:

    i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

     iii.    failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

     iv.    failing to properly train police officers in the requirements of the United States Constitution.

37. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

     i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

     ii.    arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

     iii.    falsifying evidence and testimony to support those arrests;

     iv.    falsifying evidence and testimony to cover up police misconduct.

38. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, DWAYNE CAMPBELL.

39. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

40. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

41. As a result of the foregoing customs, policies, usages, practices, procedures and rules

of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was placed under arrest unlawfully.

42. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

43. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

44. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
March 18, 2015

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By: _____
MATTHEW SHROYER (MS-6041)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020